Whitaker, Judge,
delivered the opinion of the court:
Plaintiff, a veteran preference eligible, was given notice by the New York Port of Embarkation, United States Army, *575 bis employer, of a proposed reduction in force, which abolished his position. At the Army’s suggestion, he conferred with their Employee Utilization Representative, in an effort to find other suitable employment. He examined the retention registers supplied him to find a job he thought he could fill. He picked out seven. They were all in “competitive levels”[1] different from plaintiff’s. Each of the positions was held by employees in the same subgroup [1] as plaintiff, I-A, except the position of Labor Lead Foreman. The holder of this position was in a lower subgroup and, hence, plaintiff was entitled to this position under the Regulations. He was offered reassignment to it, subject to his passing the physical examination required, but plaintiff was unable to pass the physical examination, and the job was not given to him.
Then the job of an elevator operator was offered to him, hut he declined' it, because of the lower salary. Since no other acceptable job could be found, plaintiff was discharged.
He appealed to the Civil Service Commission, which sustained the agency action. The Board of Appeals and Review affirmed.
1. No arbitrary action is shown. Plaintiff, however, contends that the holding of the Commission, which follows, is contrary to section 12 of the Veterans’ Preference Act of June 27, 1944 ( 58 Stat. 387, 390; 5 U. S. C. § 861) . The Commission said:
* * * Since you are in the same Sub-Group, under the retention preference regulations you would not have the right of reassignment to these positions even though some of the incumbents have less service than you do. * * *
Plaintiff says that under section 12 of the Veterans’ Preference Act, supra, he is entitled to any job held by an employee of less service than he, whether in the same competitive level or not, if he is qualified for the job. He relies on this language of section 12:
In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service. Commission *576 regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * *
It will be noted the section says employees will be released “in accordance with Civil Service Commission regulations,” and it says these regulations shall give “due” effect to several things, tenure of employment, military preference, efficiency ratings, and length of service.
The regulations first rate employees according to “tenure of employment”, that is, according to whether theirs is a career employment, for a limited period, or on probation, etc. On this basis they are placed in groups I, II, or III. Then veterans are placed in subgroup A, and nonveterans in subgroup B. In each subgroup the employees are then rated according to their retention credits, which are based upon length of service and performance rating — one credit for each year of service, four, for “outstanding” performance, and two, for performance between “outstanding” and “satisfactory.”
In a reduction in force an employee is entitled under section 20.5 of the regulations to “bump” an employee, that is, he is entitled to the job of an employee, “in the same competitive level”, who has lower retention points. But he is not entitled to “bump” an employee in a different competitive level, unless he is in a lower subgroup, although such employee may have less retention points.
Section 20.2 (f) defines “competitive level” as “all similar positions within a competitive area in which employees could be readily interchanged, without undue interruption to the work program. (Such positions are in the same grade or occupational level.)”
In brief, the regulations give the employee with the most retention points a preferred right to any job held by an employee with less retention points, if the job is one on the same occupational level and is readily interchangeable with his own, without undue interruption to the work program; but he is not given a preferred right to any job held by another with less retention points, if it is on another occupational level and is not readily interchangeable with his own, without un *577 due interruption to the work program, although he may he qualified for it. Thus, a carpenter in group I-A, with 20 retention points, is entitled to “bump” another carpenter in the same group with 19 retention points or less; but he is not entitled to “bump” a brickmason in group I-A with 19 retention points or less. However, he is entitled to “bump” a brickmason in a lower tenure group.
The regulations clearly comply with the “provisions, intent, and purpose” of section 19 (5 U. S. C. 868), so far as employees in the same competitive level are concerned; but, as to employees in another competitive level, length of service and performance ratings are not taken into consideration. Does the Act require that this be done ?
The Act confers broad authority on the Civil Service Commission to make regulations. In-section 19 it provides, in part:
It shall be the authority and duty of the Civil Service Commission in all cases under the classified civil service to make and enforce appropriate rules and regulations to carry into full effect the provisions, intent, and purpose of this Act. * * *
In promulgating the regulations, section 12 requires that “due” effect be given to several factors, including length of service. The requirement that “due effect” be given the named factors does not mean that some weight be given to each of them in every case. In some cases great weight might be given to one factor, and, in others, little or no weight. This is illustrated by the case of Hilton v. Sullivan, 334 U. S. 323, in which predominant weight was given to “military preference”, and none to “length of service.” In each case the factors are to be evaluated and the weight given to each which the circumstances of the situation seem to demand. In competition between employees in the same occupational level, decisive weight is given to length of service, other factors being equal. But where the occupation of the displaced employee was different from the one he sought to displace, length of service was considered to be of no moment, in determining priority. For instance, the Commission did not believe that Congress meant to give a carpenter about to *578 lose bis job the right to displace a brickmason, just because he had served longer as a carpenter than the brickmason had served as a brickmason.
We cannot say that this was incorrect; we cannot say that it failed to “carry into full effect the provisions, intent and purpose” of the Act. In view of the broad powers given the Commission to make regulations, we do not think they should be set aside unless shown to be clearly contrary to the intent of Congress.
2. Plaintiff also complains because the Army did not find another job for him, but, allegedly, left it to him to find a job for which he could qualify. But, even if it was the responsibility of the Army to find a job for him, plaintiff has not made out a case, unless it is shown that such a job was available. There is no such allegation. After plaintiff failed to pass the physical examination for the job he selected, the Army on its own initiative offered him the job of elevator operator, which he declined, as stated. Presumably, this was the only job available. At least the contrary is not shown, nor alleged.
We do not decide the extent of the obligation of the agency in this respect; we only say there is no allegation of a breach of any obligation.
3. The allegation that the finding of physical disqualification for the job to which plaintiff was reassigned was arbitrary cannot be sustained, in view of the adverse finding of the Civil Service Commission, and no allegation of arbitrary action on its part.
Plaintiff’s motion for summary judgment is denied. Defendant’s like motion is sustained, and plaintiff’s petition will be dismissed.
It is so ordered.
Faht, Circuit Judge, sitting by designation; Laramoke, Judge/ MaddeN, Judge, and Jones, Chief Judge, concur.

 This will be explained later.